**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. ____________** |
| **v.** | : | **DATE FILED: ____________** |
| **CHARLES HOLLISTER** | : | **VIOLATION:** |
| | : | **18 U.S.C. § 371 (conspiracy to commit health care fraud – 1 count)** |

**INFORMATION**

**COUNT ONE**

**(Conspiracy to Commit Health Care Fraud)**

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times relevant to this information:

**INTRODUCTION**

1. Tricare was a federally funded health care program of the United States Department of Defense ("DoD") Military Health System that provided coverage for DoD beneficiaries worldwide, including active duty service members, National Guard and Reserve members, retirees, their families and survivors. Individuals who received health care benefits through Tricare are referred to as Tricare beneficiaries. The Defense Health Agency ("DHA"), an agency of the DoD, was the military entity responsible for overseeing and administering the Tricare program.

2. Tricare was a "health care benefit program" as defined by Title 18, United States Code, Section 24(b) and as that term is used in Title 18, United States Code, Section 1347.

3. Tricare provided coverage for certain prescription drugs, including certain compounded drugs, which were medically necessary and prescribed by a licensed physician. Express Scripts, Inc. ("Express Scripts") in St. Louis, Missouri, administered Tricare's prescription drug benefits.

4. Tricare beneficiaries could fill their prescriptions through military pharmacies, Tricare's home delivery program, network pharmacies, and non-network pharmacies. If a Tricare beneficiary chose a network pharmacy, the pharmacy would collect any applicable co-pay from the beneficiary, dispense the drug to the beneficiary, and submit a claim for reimbursement to Express Scripts. Express Scripts would then adjudicate the claim and reimburse the pharmacy on behalf of Tricare.

5. "Compounding" was a practice in which a licensed pharmacist, or a licensed physician, combined, mixed, or altered ingredients of a drug or multiple drugs to create a medication tailored to the needs of an individual patient. "Compounding pharmacies" were pharmacies that specialized in creating compounded medications.

6. Generally, compounded drugs may be prescribed by a physician when an FDA-approved drug does not meet the health needs of a particular patient. Compounded medications benefit patients who, among other things, need specific dosage strengths, are limited to a particular route of administration, or need ingredients excluded from medications due to allergies or other sensitivities.

7. From in or about May 2013 through in or about May 2015, a compounding pharmacy located in the Eastern District of Pennsylvania known to the United States Attorney (the "Compounding Pharmacy") submitted claims for reimbursement to Tricare for compounded

medications, including pain creams, scar creams, and wellness capsules. The Compounding Pharmacy was a network pharmacy with Tricare.

8. Defendant CHARLES HOLLISTER was a sales representative for the Compounding Pharmacy.

9. Person #1, whose identity is known to the United States Attorney, was a certified nurse practitioner ("CNP") licensed in the state of North Carolina. Person #1 worked as a CNP at a family medical practice located in Hickory, North Carolina, known to the United States Attorney (the "Practice").

## THE CONSPIRACY

10. From in or about September 2014 through in or about May 2015, in the Eastern District of Pennsylvania, and elsewhere, defendant

**CHARLES HOLLISTER**

together and with others known and unknown to the United States Attorney, including Person #1, agreed, combined and conspired to commit an offense against the United States, that is, to knowingly and willfully execute a scheme and artifice to defraud a health care benefit program, that is, Tricare, and to obtain money and property owned by and under the control of that health care benefit program, by means of false and fraudulent pretenses, representations and promises, in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347.

## MANNER AND MEANS

It was part of the conspiracy that:

11. Beginning in or about September 2014, defendant CHARLES HOLLISTER agreed to pay and paid kickbacks and bribes to Person #1 to induce Person #1 to prescribe compounded medications to Tricare beneficiaries through the Compounding Pharmacy.

12. From in or about September 2014 to in or about April 2015, Person #1 prescribed compounded medications, including pain creams, scar creams, and wellness capsules to Tricare beneficiaries through the Compounding Pharmacy.

13. Defendant CHARLES HOLLISTER provided Person #1 with the personal identifying information of Tricare beneficiaries for use in writing the prescriptions, including names, addresses, social security numbers, dates of birth, and insurance information. These individuals were not patients of the Practice and, as defendant HOLLISTER well knew, Person #1 conducted no physical examination of the purported patients, and therefore did not properly assess medical necessity, before prescribing the compounded medications. Instead, Person #1, with defendant HOLLISTER's knowledge and agreement, occasionally conducted sham telephone interviews of the beneficiaries. Person #1 never declined to write a prescription for an individual presented by defendant HOLLISTER.

14. At the urging of defendant CHARLES HOLLISTER, Person #1 also prescribed the compounded medications to relatives and to a handful of patients of the Practice who were Tricare beneficiaries. As defendant HOLLISTER well knew, Person #1 did so without conducting any physical examination of the beneficiaries and without determining that the medications were medically necessary.

15. Tricare paid approximately $1,002,407 in fraudulent claims to the Compounding Pharmacy due to Person #1's prescriptions.

16. Defendant CHARLES HOLLISTER received substantial commission from the Compounding Pharmacy on these claims.

17. Defendant CHARLES HOLLISTER, in turn, used a portion of the commission he received to pay kickbacks to Person #1 on a recurring basis, usually monthly, in return for prescribing the compounded medications through the Compounding Pharmacy.

**OVERT ACTS**

In furtherance of the conspiracy and to accomplish its object, defendant CHARLES HOLLISTER and Person #1 committed the following overt acts, among others, in the Eastern District of Pennsylvania and elsewhere:

1. In or about October 2014, defendant CHARLES HOLLISTER provided Person #1 with the personal identifying information for Patient A, a Tricare beneficiary whose identity is known to the United States Attorney.

2. On or about November 4, 2014, with defendant CHARLES HOLLISTER'S knowledge and agreement, Person #1 prescribed scar cream and wellness capsules to Patient A without conducting a physical examination and therefore without properly determining medical necessity. Person #1 forwarded the prescription, or caused the prescription to be forwarded, to the Compounding Pharmacy, which resulted in the following fraudulent claims being billed to Tricare:

| **Description** | **Date Dispensed** | **Date Processed** | **Amount Billed** |
|---|---|---|---|
| Scar Cream | 11/20/2014 | 11/20/2014 | $5,131.87 |
| Wellness Capsules | 11/20/2014 | 11/20/2014 | $5,787.53 |

3. On or about November 21, 2014, with defendant CHARLES HOLLISTER'S knowledge and agreement, Person #1 prescribed pain cream to Patient A without conducting a physical examination and therefore without properly determining medical necessity. Person #1

forwarded the prescription, or caused the prescription to be forwarded, to the Compounding Pharmacy, which resulted in the following fraudulent claim being billed to Tricare:

| Description | Date Dispensed | Date Processed | Amount Billed |
|---|---|---|---|
| Pain Cream | 11/24/2014 | 11/24/2014 | $3,734.68 |

4. In or about December 2014, defendant CHARLES HOLLISTER paid, among other kickbacks, approximately $300 to Person #1 for authorizing these prescriptions for Patient A.

5. In or about December 2014, defendant CHARLES HOLLISTER provided Person #1 with the personal identifying information for Patient B and Patient C, Tricare beneficiaries whose identities are known to the United States Attorney.

6. On or about December 26, 2014, with defendant CHARLES HOLLISTER'S knowledge and agreement, Person #1 prescribed pain cream, scar cream, and wellness capsules to Patient B without conducting a physical examination and therefore without properly determining medical necessity. Person #1 forwarded the prescription, or caused the prescription to be forwarded, to the Compounding Pharmacy, which resulted in the following fraudulent claims being billed to Tricare:

| Description | Date Dispensed | Date Processed | Amount Billed |
|---|---|---|---|
| Pain Cream | 12/31/2014 | 12/31/2014 | $3,734.68 |
| Scar Cream | 12/31/2014 | 12/31/2014 | $6,411.04 |
| Wellness Capsules | 12/31/2014 | 12/31/2014 | $5,787.53 |

7. On or about January 6, 2015, with defendant CHARLES HOLLISTER'S knowledge and agreement, Person #1 prescribed pain cream, scar cream, and wellness capsules to Patient C without conducting a physical examination and therefore without properly determining medical necessity. Person #1 forwarded the prescription, or caused the prescription

to be forwarded, to the Compounding Pharmacy, which resulted in the following fraudulent claims being billed to Tricare:

| Description | Date Dispensed | Date Processed | Amount Billed |
|---|---|---|---|
| Pain Cream | 1/8/2015 | 1/8/2015 | $3,734.68 |
| Scar Cream | 1/8/2015 | 1/8/2015 | $6,411.04 |
| Wellness Capsules | 1/8/2015 | 1/8/2015 | $5,787.53 |

8. In or about February 2015, defendant CHARLES HOLLISTER paid, among other kickbacks, approximately $600 to Person #1 for authorizing these prescriptions for Patient B and Patient C.

9. In or about February 2015, defendant CHARLES HOLLISTER provided Person #1 with the personal identifying information for Patient D and Patient E, Tricare beneficiaries whose identities are known to the United States Attorney.

10. On or about March 2, 2015, with defendant CHARLES HOLLISTER'S knowledge and agreement, Person #1 prescribed pain cream, among other compounding medications, to Patient D without conducting a physical examination and therefore without properly determining medical necessity. Person #1 forwarded the prescription, or caused the prescription to be forwarded, to the Compounding Pharmacy, which resulted in the following fraudulent claim being billed to Tricare:

| Description | Date Dispensed | Date Processed | Amount Billed |
|---|---|---|---|
| Pain Cream | 3/12/2015 | 3/12/2015 | $3,682.55 |

11. On or about March 12, 2015, with defendant CHARLES HOLLISTER'S knowledge and agreement, Person #1 prescribed pain cream and scar cream to Patient E without conducting a physical examination and therefore without properly determining medical necessity. Person #1 forwarded the prescription, or caused the prescription to be forwarded, to

the Compounding Pharmacy, which resulted in the following fraudulent claims being billed to Tricare:

| Description | Date Dispensed | Date Processed | Amount Billed |
|---|---|---|---|
| Pain Cream | 3/13/2015 | 3/13/2015 | $3,662.55 |
| Scar Cream | 3/31/2015 | 3/31/2015 | $6,241.56 |

12. On or about March 24, 2015, with defendant CHARLES HOLLISTER'S knowledge and agreement, Person #1 prescribed wellness capsules to Patient E without conducting a physical examination and therefore without properly determining medical necessity. Person #1 forwarded the prescription, or caused the prescription to be forwarded, to the Compounding Pharmacy, which resulted in the following fraudulent claim being billed to Tricare:

| Description | Date Dispensed | Date Processed | Amount Billed |
|---|---|---|---|
| Wellness Capsules | 3/25/2015 | 3/25/2015 | $1,827.52 |

13. On or about March 24, 2015, with defendant CHARLES HOLLISTER'S knowledge and agreement, Person #1 prescribed scar cream to Patient D without conducting a physical examination and therefore without properly determining medical necessity. Person #1 forwarded the prescription, or caused the prescription to be forwarded, to the Compounding Pharmacy, which resulted in the following fraudulent claim being billed to Tricare:

| Description | Date Dispensed | Date Processed | Amount Billed |
|---|---|---|---|
| Scar Cream | 3/25/2015 | 3/25/2015 | $6,261.56 |

14. On or about March 26, 2015, with defendant CHARLES HOLLISTER'S knowledge and agreement, Person #1 prescribed wellness capsules to Patient C without conducting a physical examination and therefore without properly determining medical necessity. Person #1 forwarded the prescription, or caused the prescription to be forwarded, to

the Compounding Pharmacy, which resulted in the following fraudulent claim being billed to Tricare:

| Description | Date Dispensed | Date Processed | Amount Billed |
|---|---|---|---|
| Wellness Capsules | 3/26/2015 | 3/26/2015 | $1,847.52 |

15. On or about March 31, 2015, with defendant CHARLES HOLLISTER'S knowledge and agreement, Person #1 prescribed wellness capsules to Patient B without conducting a physical examination and therefore without properly determining medical necessity. Person #1 forwarded the prescription, or caused the prescription to be forwarded, to the Compounding Pharmacy, which resulted in the following fraudulent claim being billed to Tricare:

| Description | Date Dispensed | Date Processed | Amount Billed |
|---|---|---|---|
| Wellness Capsules | 3/31/2015 | 3/31/2015 | $3,582.27 |

16. In or about April 2015, defendant CHARLES HOLLISTER paid, among other kickbacks, approximately $700 to Person #1 for authorizing these prescriptions for Patient B, Patient C, Patient D, and Patient E.

17. In or about April 2015, defendant CHARLES HOLLISTER provided Person #1 with the personal identifying information for Patient F, a Tricare beneficiary whose identity is known to the United States Attorney.

18. On or about April 24, 2015, with defendant CHARLES HOLLISTER'S knowledge and agreement, Person #1 prescribed pain cream, scar cream, and wellness capsules to Patient F without conducting a physical examination and therefore without properly determining medical necessity. Person #1 forwarded the prescription, or caused the prescription to be forwarded, to the Compounding Pharmacy, which resulted in the following fraudulent claims being billed to Tricare:

| Description | Date Dispensed | Date Processed | Amount Billed |
|---|---|---|---|
| Pain Cream | 4/29/2015 | 4/29/2015 | $3,735.30 |
| Scar Cream | 4/29/2015 | 4/29/2015 | $6,351.20 |
| Wellness Capsules | 4/29/2015 | 4/29/2015 | $1,833.87 |

19. In or about May 2015, defendant CHARLES HOLLISTER paid, among other kickbacks, approximately $300 to Person #1 for authorizing these prescriptions for Patient F.

All in violation of Title 18, United States Code, Section 371.

for WILLIAM M. McSWAIN
UNITED STATES ATTORNEY